See U. S. v. Nunnemacher [Case No. 15,902].

## Case No. 15,224.

UNITED STATES v. GOLDING.

· [2. Cranch. C. C. 212.] [1]

Circuit Court, District of Columbia. June Term, 1820.

POST-OFFICE — EMBEZZLEMENT FROM MAIL — INDICTMENT.

1. In an indictment under the 18th section of the act of the 30th of April, 1810 [2 Stat. 597], "regulating the post-office establishment," against a person employed in a department of the general post-office, charging him with embezzling letters, with which he was intrusted, and stealing therefrom sundry bank-notes, it is not necessary to aver that the letters were intended to be conveyed by post, nor to describe particularly the letters, or the bank-notes, it being averred that the particular description of the letters and of the bank-notes, was unknown to the grand jurors.

2. It is not a valid objection to the indictment, that the embezzlement of the letters, and stealing therefrom the bank-notes, are charged in the same count of the indictment.

This was an indictment under the 18th section of the act of the 30th of April, 1810 (2 Stat. 597), "regulating the post-office establishment." It consisted of a single count, and charged that Richard Golding on the 10th of July, 1819, "was employed in one of the departments of the general post-office, to wit, at the post-office established at Washington City in the county of Washington, as a messenger and sorter of letters, and in virtue of his said employment, was intrusted by the postmaster of the said post-office, with sundry and great numbers of letters and packets, sent by mail to said post-office, addressed to the postmaster-general of the United States, and containing sundry and great numbers of bank-notes," &c., "belonging to the postmaster-general, and to him remitted, and by him to have been then and there received for the use of the United States: and that the said Golding, after the 30th day of April, 1810, viz., on the 10th day of July, in the year first aforesaid, with force and arms at" &c., "so being employed as such messenger and sorter of letters as aforesaid, and so being intrusted with, and having received in virtue of his said employment, at and from the said post-office at Washington, the said letters and packets so containing the said bank-notes," &c., "to be by him sorted, and duly filed, and placed in the said office, unlawfully, wilfully, injuriously, and fraudulently did secrete, embezzle, and destroy sundry and great numbers of the said letters and packets, so being addressed and directed to the postmaster-general as aforesaid, (the particular number, dates, purport, and description of the said letters and packets to the jurors aforesaid being yet unknown,) from sundry postmasters of sundry post-offices, (to the jurors aforesaid yet unknown,) and out of the said letters,· unlawfully, injuriously, wilfully, and fraudulently, then and there did steal and take sundry and great numbers of bank-notes of great value, to wit, of the value of $405, lawful money of the United States. (the particular and respective numbers, denominations, marks, and descriptions whereof, are to the jurors aforesaid, yet unknown,) belonging to the said postmaster-general, and to him remitted, and by him to have been then and there received for the use of the United States aforesaid, to the great fraud and damage of the said postmaster-general, and of the United States, to the manifest fraud, breach, and violation of the trust so reposed in him. Richard Golding, by virtue of his said employment at the said post-office, as aforesaid, to the evil example of all others in the like case offending, against the form of the statute, and act of congress, in such case provided, and against the peace and government of the United States."

Mr. Key and Mr. Redin, for defendant, moved in arrest of judgment: (1) That the offence, by the statute, is embezzling letters "intended to be sent by post," but the indictment does not charge that the embezzled letters were intended to be sent by post. (2) That two offences, viz., embezzlement of the letters, and stealing the bank-notes are charged in one count. (3) That the charge of embezzling "sundry and great numbers of the said letters and packets, and of stealing sundry and great numbers of bank-notes," is too vague and uncertain.

Mr. Jones, for the United States, contra. (1) The indictment states that the letters and packets were actually sent by mail: they

[1] [Reported by Hon William Cranch. Chief Judge.]

must therefore have been intended to be sent by post. It is not necessary that they should not have arrived at the place of their destination. But the charge of embezzlement is only inducement. The charge is, that having embezzled the letters and packets, he therefrom stole the bank-notes. The gist of the indictment is the stealing, not the embezzling; and the clause of the statute respecting the stealing bank-notes from letters, does not require that the letters should be sent, or intended to be sent by post; it is only necessary that they have "come to his possession." (2) It is no objection that both offences are charged in one count; one of them being charged as inducement of the other. It is the common and approved form to charge the defendant with all the offences which the statute enumerates alternatively in the same clause, and to convert "or" into "and"; as in forgery the form is, that he forged, and caused to be forged, &c. (3) "Sundry letters and packets," and "sundry bank-notes," is a sufficient description, when the grand jurors say that the number and particular description thereof is yet unknown to them. It is the best description they can give; and the number and particular description, are not of the essence of the offence.

THE COURT overruled the motion in arrest of judgment, and sentenced the prisoner to six months' imprisonment; and by the 22d section of the act, it is enacted that every person who shall be imprisoned by a judgment of court, under and by virtue of the 18th, 19th, 20th, or 21st sections of the act, shall be kept at hard labor during the period of such imprisonment.